The 4th District Appellate Court of the state of Illinois has now convened. The Honorable Robert J. Stegman presiding. Good afternoon, counsel. This is our case number 4-230431, Harold Perry and Josephine Ross-Pohalla, if that's pronounced correctly, versus Ian R. Colson. And for the appellant, counsel, would you please state your name? Yes, Christopher Sokin for the appellant. Is that pronounced Sokin, sir? Yes, Justice. Thank you. And counsel for the appellate, please state your name. Zane Cagle, Your Honor. Mr. Cagle, thank you. The parties are each going to be allotted 20 minutes of argument, and the appellant will have a five-minute rebuttal. And with that, Mr. Sokin, you may proceed, sir. Thank you, Justice. May it please the court, counsel. Good afternoon. My name is Christopher Sokin. Excuse me. I apologize, counsel. You may have noticed, and I'd like to mention it, so I apologize. One of our number is not present. That's Justice Craig DeArmond. He's not able to be present this afternoon for this oral argument. However, he will be a participant in the ultimate decision in this case, and he will be listening to the oral arguments after they have been completed. So with that explanation, I again apologize for not saying that sooner, but it will be a three-judge panel to be deciding this case, and our distinguished colleague, Justice DeArmond, will be joining us later on. Thank you, Justice. Go ahead. As I said, my name is Christopher Sokin. I represent the appellant. This case reaches the court on a petition for forum nonconvenience that was denied in the trial court, and as I see it, there are three issues for this court to consider. The one would be the balancing of the public and private factors of the forum nonconvenience analysis, the amount of deference that is due to the plaintiff's choice of venue, and then the consideration of the stipulations that the trial court had the plaintiffs make in the manner that they would impact the forum nonconvenience analysis. I won't bore the court by reading off of the public and private factors, as the court knows what they are, but I will say this about them. There is not a single one of the public or private factors that would weigh in favor of this case being heard in Peoria versus where it happened, which was in St. Louis County, Missouri. The plaintiffs are from Missouri. The accident occurred in Missouri. The claim of loss of consortium that is made by one of the plaintiffs is related to what occurred in Missouri. All of the medical treatment in this case occurred in Missouri. The first responders are from Missouri. All but one witness in the case, as far as we can tell at this point from reviewing the police reports, is from Missouri, and that one witness lives in Belleville, Illinois, which is, of course, near St. Louis and not near Peoria. The complaint originally alleged that Missouri law applied to a Missouri auto accident, and the cost to secure the witnesses in Missouri will be substantially higher if they need to be brought to Peoria. There's no compulsory process available in this state for the witnesses in Missouri because Missouri is not a signatory to the Uniform Interstate Discovery and Depositions Act. So in order to secure process on Missouri residents, we have to open a case in Missouri in order to serve subpoenas on Missouri witnesses. Those are all the private factors. From the public factors, this is not a local accident to Peoria County. This is a St. Louis County accident. Illinois law routinely holds that we want local controversies decided locally. The accident occurred in Missouri, and we would be burdening a Peoria jury to decide a case about a Missouri accident and Missouri plaintiffs arising under Missouri law. Now, the trial court did not specifically state how it was weighing these factors. It did not say this specific factor weighs in favor or not. So none of those rulings appear in the record. But when you take them all together, as I stated, I cannot find a single one that says this case should be better heard in Peoria County. The only connection to Peoria County is that at the time this accident occurred, the defendant resided in Peoria County. Now, I did speak with him this morning. He does still reside in Peoria County. He believes he will be residing in Peoria County until about October of 2024, at which point he's expected to be reassigned. So the only question then is, as we know, the plaintiff gets some deference to their choice of form. I believe the question for the court is this, how much deference do we give to the plaintiff's choice of Peoria County in comparison to the public and private factors? Now, the trial court held, and I think both parties now agree that this was incorrect, that the plaintiff should be entitled to great deference in their choice of Peoria County. That is not the law as set forth by our Supreme Court in multiple decisions. I believe the Dowdy decision and the Langenhorst decision are two that are cited throughout my brief. These cases essentially hold that while the plaintiff is normally entitled to great deference in their choice of venue, that does not apply in two situations. The first being if the plaintiffs are foreign to Illinois. If they're foreign to Illinois, they do not receive great deference. The second one being if the accident is foreign to Illinois, then they don't receive great deference. And in both of those situations, the court would say they would receive somewhat less deference. The issue I believe that is not addressed in either of those decisions is what happens when both of those things are true. In the Dowdy decision, it said when both the plaintiffs are foreign to Illinois and the accident did not occur in Illinois, then the court should presume that the choice of venue by the plaintiff is no longer convenient. And in fact, Dowdy went further than that and said it would be fair for the court to presume that in such a situation, the selection of forum in Illinois is forum shopping. And Dowdy discusses forum shopping at great length that the trial court should not allow any sort of forum shopping whatsoever. We submitted to the trial court that under those authorities, not only should the plaintiffs receive less deference than great deference, they should receive no deference under what Dowdy states as an assumption that forum shopping occurs when foreign plaintiffs choose Illinois to litigate a foreign accident. So the trial court's decision about giving the discretion available for the trial court to change what the standard is. The Supreme Court has already set the standard and it is not great deference. It's at a minimum, less deference. And as I believe Dowdy holds, it's no deference because of the combination of the accident occurring in Missouri and the plaintiffs being from Missouri. What the trial court did, however, is after it went through these factors, it raised a number of concerns it had during oral argument. One of the concerns it had was about the increased costs of litigating the case in Missouri, particularly the fact that we would have to open an action in Missouri to get discovery in Missouri and issue subpoenas in Missouri because of the lack of compulsory process. The plaintiff's response to the court was that they would open the Missouri case themselves. They would pay for the opening of that case themselves. The court also was concerned about the out-of-state deposition issues because all of the medical treatment in this case occurred in Missouri. There would be at the end of this case potentially, if the plaintiff prevails, taxable costs due from the defense for out-of-state evidence depositions. The plaintiffs at the trial court stipulated that they would agree not to for those depositions. The third concern that the trial court had was the fact that isn't this accident subject to Missouri law? That is true. Our choice of law analysis would say that we strongly prefer the location of where the accident occurred. Now, there was no full choice of law analysis that was done by the trial court because this was an argument based around forum non-convenience. We raised the issue of Missouri law because we're in Illinois. Why should a Peoria County jury or a Peoria County judge have to decide Missouri court traffic laws? The plaintiff's response was that their inclusion in the complaint of Missouri law, Missouri statutes, and Missouri common law was a mistake and that they intended to amend their complaint to only allege that Illinois law was violated here. As I stated, there was no full analysis of choice of law. Neither the plaintiff nor the defendant briefed this before the trial court, but merely by pleading a change in the law in a complaint cannot choose what law is available that will control the case. Clearly, there needed to be a full analysis of what state's law had a better connection to this accident. The trial court's decision then was to also say to the plaintiff, as far as stipulating to both the opening of the additional action in Missouri and to stipulating to not collecting the taxable costs for the evidence depositions, they would also have to agree that they would amend their complaints to only allege that Illinois law applied. That was a sua sponte ruling that simply did an end run around all of the choice of law analysis that would have to be done in this case had the parties actually had an opportunity to brief it. The issue that I believe is one that I could find no authority in the state on whatsoever is what the law would say about the stipulations that the court had the plaintiff enter. Essentially, the plaintiff is agreeing to help this case get to Illinois. The trial court was clearly concerned by the difficulty in getting the case from Peoria County or to Peoria County from Missouri. When the plaintiff said, well, okay, we'll bear those burdens and we'll bear those costs. I think the only description of those stipulations is forum shopping, that you make an offer to say, okay, we go through public and private factors. They clearly do not favor having the case in Peoria, so what are we going to do about it? The trial court's decision to do something about it was, okay, I am going to force upon the plaintiff stipulations that they offered to make it easier to hear the case in Illinois. We'll just say Illinois law applies instead. That'll make it easier than having to go through the factors that say, well, we favor having local controversies decided locally. The factors about the availability of compulsory process. Instead of the trial court saying that should weigh in favor of the case being heard in Missouri, the trial court said, no, I'm going to make the plaintiff bear all the costs of opening this additional case in Missouri, and they're going to have to help get everything set up for the issuance of subpoenas in Missouri. The court then said, we're not even going to have you tax the costs of the evidence depositions if you are successful, because again, there's going to be increased costs for all these witnesses in Missouri. The court didn't address some of the other increased costs. For example, we're going to have other witnesses that are not expert witnesses, that aren't physicians, that might be called to testify live, and they're going to have to drive 170 miles from their homes in Missouri to Peoria to testify. These stipulations, pursuant to Dowdy, are simply not germane to the public-private factor analysis. They are clearly forum shopping, and it's not hard to imagine a case that is much bigger than this one, where more money is at stake, where a plaintiff might say, you know, I'll bear all the costs. I'll just pay to have all the witnesses travel up there. I won't collect any costs. Maybe I'll pay for the other attorney's travel time. I mean, you could clearly come up with some set of arguments to get around all of these factors, and that has never been the law in Illinois. Has there been any case where these same kinds of representations were made that the cost will be defrayed and reduced and all that, if the motion and apparently happened here? If there is justice, I was unable to find it. Go ahead. Thank you. The one case that I did find, and unfortunately it occurred after I filed my initial brief, was a more recent case out of the 3rd District, where they analyzed all these cases of the public-private factors in relation to a lawsuit about a bus accident in Texas. And the word bus accident doesn't really explain it. It was more of an incident that occurred on a bus. It's a 3rd District case. The name escapes me right now, but I cited it extensively. I believe it's Larson in my response. And the reason I cited that case is because one of the defendant's positions, excuse me, the plaintiff's positions in this case is that there are no decisions in Illinois when we have an individual person defendant versus a corporate defendant, as far as the forum non-convenience analysis. And I would agree with counsel that is true. I could not find very many cases that dealt with an individual person defendant because, as we know, most of them deal with corporations where you've placed some item in the stream of commerce and it ends up in a different state. And then some situation happens and that's why the cases try to get filed in Illinois instead. And the Larson decision, which was, as I said, was decided after I filed my initial brief, does a very good job of going through all of the factors as applied to the corporate defendant in that case. And I think the takeaway from Larson that the court should be aware of is this. There really is no public or private factor that would change the analysis if it's a corporation versus a private individual. And in my opinion, I think a corporate defendant has a better reason to keep the case in Illinois because, at least with the corporate defendant, you have a local jurisdiction that has some interest in making sure their local company is abiding by the law. In this case, what we have is really a transient event that occurred in Missouri, injuring Missouri plaintiffs, allegedly, with a driver who just so happened to be driving through Missouri. The defendant certainly didn't set out to violate Missouri law. It's not like a corporate case where I'm going to put an item in the stream of commerce in Texas and my decisions that I made or the corporate decisions that were made in Illinois violated that law. This is a one-off event and there are plenty of cases in this state that say Illinois is not concerned with auto accidents that occur in other states. As I discussed, the final thing I would want to mention is the issue with the sua sponte decision on Illinois law. The defendant argues that the court should not even reach that issue because it is not a proper allowance of an appeal because what we're actually raising is the forum non-convenient analysis, and if that ruling stood on its own, it would not be allowable under a permissive appeal. I agree that it would not be allowed under a permissive appeal, but the issue here is that it has been injected into the forum non-convenience analysis by the court. Now, we did raise this and I believe it is part of the public-private factor analysis because Illinois law holds that local controversies should be decided locally. I believe what the court did here is basically just get rid of that issue and say, well, we'll just make this a local controversy. We'll just say Illinois law applies here and then we don't have to be concerned about Missouri law, and that simply just isn't going to be the case because if we were going to do a choice of law analysis, I would submit that there's no way for two foreign plaintiffs in a foreign accident to ever convince a court that they have a greater connection to Illinois law than Missouri law where the accident occurred and where they lived. So, we would ask the court to reverse the trial court's decision and issue an order remanding that the forum non-convenience motion be granted, that the plaintiff's complaint be where the accident occurred. Thank you, counsel. Mr. Cagle, you may argue on behalf of the league. Thank you, your honor. May it please the court. Your honor, this case is, you well know, the public and private factors must strongly weigh in favor of transfer, and plaintiffs' choice of venue is rarely disturbed. The defendant bears the burden of showing that Peoria is inconvenient and there's another venue more convenient. It's undisputed here the trial court has granted deference and that ruling shall only be overturned showing abusive discretion. I think that the issue why this court probably took it is what the court should be given on a case like this, and that's for them to determine. However, the argument that the defendant makes, anytime a Illinois resident has a cause of action arise to them out of state, they couldn't be sued in their home venue, that's preposterous, judge. The defendant lives literally a stone's throw from the courthouse of Peoria County. All this evidence about he's transient and he's going to move and all that, you know, judge, I could have came in and made the same argument that the plaintiff's going to move to Illinois. It's not evidence. The evidence is at the time of the filing, at the time of the incident. Counsel, let me ask it this way. Other than the fact that the plaintiff lives a mile from the courthouse in Peoria, is there anything at all that connects this case to Peoria County or that speaks in favor of the private interest in moving it to Peoria County? Well, I'd say the public interest for sure does, judge. I mean, we think two of the three factors in the public interest, specifically the public administration difficulties. I can tell you right now my clients and partner is in trial in St. Louis County. It took us four years to get to trial. It is the biggest venue in Missouri. Opposed to Peoria County, we're going to be able to reach trial much sooner. We also believe that the interest in deciding things, low controversies locally are directly relevant to this case and that judge, the defendant in this case, we believe is going to be subject to an access verdict, a judgment in access of his policy limits. And as such, we're going to have to attach and garnish his wages and handle that issue locally. And we believe a local Peoria County where he lives and works should make that decision. As far as the convenience of the parties, judge, what we have here is in the private factors, we got a plaintiff, we got the two plaintiffs, which obviously Missouri residents wanting to come to Illinois to bring this case. We've got the defendant that lives in Peoria County. There's also another vehicle involved in this crash, who is living in Belleville, Illinois. The same arguments that the defendant makes about having to open up an action in the state of Missouri is what we're going to have to do for those witnesses and that witness that's involved in this collision in Illinois. So if I file this case and have to refile it in Missouri, I'm going to have to open an Illinois action to get subpoena power over this Illinois witness as well. Likewise, you know, the defendant has shown any other practical problems. You know, they saved the records. We all know getting these records, judge, is done and we do that all electronically now. These are going to be dropboxed. I can tell you definitively that he's got one medical provider that performed a hip surgery on him. You know, we're going to take that deposition via video. We're going to do it via Zoom, just like- Okay, so there's nothing about this case that connects it to Peoria County other than the defendant lives a mile from the courthouse. So I don't understand how you're arguing that there's any connection to Peoria County and that Peoria County has a basis for the form for this case as opposed to where the action occurred and all the other witnesses are located. I understand that, judge, and that comes back to my point is, and I think what we said is, there's not a case that I found either where we have an individual versus an individual where they get sued, where the county in which they live. If you accept the defendant's contention, then there's no Illinois resident that's ever going to be sued where they live if the action arises out of state. And that's what they accept you to want the court to believe. For counsel, it seems to me that one of the problems with this case is the trial court gave a lot of deference to the plaintiff's choice of form, but the Supreme Court of Illinois has held that, as Mr. Osokin mentioned, plaintiff's choice of form is entitled to less deference if plaintiff is foreign to the form, which is true here, and if the action giving rise to the litigation did not occur in the chosen form. That's also true. So we have a twofer going on here, and yet somehow the trial court seemed to think that this was entitled, the plaintiff's choice of form was entitled to great deference. Isn't that contrary to Illinois Supreme Court doctrine? Judge, I would agree that the cases which you've cited and the law that you've stated is correct. And I think that the key difference in here is that plaintiff's choice of venue should not be given great deference, but it should still be given deference, Judge. And again... Why? Why? Why? Yes. Because it's exactly where the defendant lives. If you accept the defendant's point of view, there's no cause of action that arises out of state with an Illinois resident where they can get sued where they're a citizen. Well, you keep making that point, but I don't see its particular relevance here. We're dealing with this case, and these facts, and these allegations. I'm not concerned about some other county or some other facts. Why is it, again, what sense does it make to have Peoria County be the venue in this case? Because it's where the defendant lives. That's it, isn't it? No. I mean, we think that the public factors are way in favor of it too, because the defendant had not shown and the evidence supported in the hearing doesn't support the public and private factors. They didn't put on that evidence, Judge. They didn't have that evidence. Statements by counsel is not evidence. What if the defendant lived in Cook County? Would it be okay to bring this case up there as well? If he lived in Cook County? Yes. The county is his citizenship, yes. I think it would be fine to bring the case where he lives. So, all of your same arguments would apply if it were Cook County as well? I'm sorry, Judge. I couldn't hear you. All of your same arguments would apply if this were Cook County that was Plaintiff chose as opposed to Peoria County? Well, I can make that argument. I mean, I'll be honest with you, Judge. The reason why we and the court system is so backed up in St. Louis County that that makes it difficult, if not possible, to do within three years. Go ahead. We would also say that the police defense counsel said that Illinois is not concerned with auto accidents in other states. Again, our response is that we believe that that's true, but they are when it involves an Illinois resident. As far as the stipulations made and agreements made by the plaintiff with the court, plaintiff stands by that. Judge, I practice in four states, and we routinely open up these actions between Missouri and Illinois, Illinois and Kentucky, Missouri and Kentucky, and that's something we're going to have to do anyway. I asked Mr. Sokin if he was aware of any case in which the representations on shifting costs and fees and the like that you made in the trial court, in this case, the court seemed to buy. Has that ever been done anywhere else? Do we have any record of it, any decision of the state of Illinois? I didn't, Judge. I looked at his opposing counsel, and I did not find such decisions. Okay, go ahead. Mr. Cagle, I want to thank you for your candor, because you essentially admitted with your foreign shop. Your reason for filing this case here is because the court system and the court system in Missouri County, perhaps in other Illinois counties as well, is faster than St. Louis County, and that's interesting, but is the speed with which the Missouri courts work a matter of public policy that should be observed and honored by Illinois courts? I know the defendant lives here. I understand that point. And, Judge, at the end of the day, this comes down to, as I briefly stated, we believe that we're going to get a judgment in access of this policy, and there's going to be subsequent litigation, and it's going to be easier for us to collect or to garnish his wages and handle that if we have an Illinois judgment, opposed to if I get a Missouri judgment, then I got to go over, I got to ask the state of Illinois to recognize it, and I have to go down that whole road. And that's the truth. And, you know, again, as you stated, I intend on staying with my candor with the court of why this case is filed there. And that's our intent, and that's what we believe this will be at the end of the day. Um, again, at the end of the day, we also made an argument in our brief. We believe the defendant's brief is improper in the way it states a statement of facts, which isn't allowed under the rule. Again, I think we've briefed this and argued this. Judge, I defer to the court. Okay, thank you, counsel. Mr. Sokin, any rebuttal, sir? Yes, Justice, thank you. Go ahead. What I am hearing from the plaintiff is that we selected this venue, and therefore, that's the reason why the case should be heard in Peoria County. Venue and forum nonconvenience are two entirely different things, because if plaintiff's argument is correct, there's no reason to have a forum nonconvenience analysis, because in every forum nonconvenience case, you're saying, okay, you picked this county, but the case is more conveniently heard elsewhere. So really, what we're doing is we're conflating venue, which is where are we going to select to have this case with forum nonconvenience, which is, okay, you picked it, but shouldn't it really be somewhere else? That's where we're at. So that's where we get into the issue of the lesser deference standard. One thing that was mentioned was that the reason why this was filed here is that counsel believes it's going to take longer to reach trial in St. Louis County. I would ask the court to review page 44 of the supplemental record, which is where this was discussed in the brief, in which the opposite was brought forth before the trial court, and it says, quote, while it remains true that the docket in Peoria County might be more congested than dockets in St. Louis County, mere court congestion is not enough to justify transfer of a case from one forum to another when balanced against other relevant factors. That's from the plaintiff's brief. The argument that the plaintiff made in the trial court was that St. Louis County was more congested. That's why Peoria County was more congested. So that argument has just changed now. The idea that we're going to have to open a case here in Illinois if the case is moved back to Missouri in order to serve depositions is just not true. That's the entire point of the Uniform Depositions and Discovery Act, is that you don't have to open a case. The clerk can issue the subpoenas themselves. That was the entire point of the argument about Missouri not having adopted that statute. We have to actually file a new case in Missouri to get that discovery. So if the case is moved back to Missouri, that does not have to happen because that statute exists in Illinois. The final thing I would like to mention is this argument about we want to have the case in Illinois because we think we're going to get an excess judgment. Well, that's a long ways off in the future, number one. It's entirely speculative, number two. And number three, the collection efforts are going to occur after this case is over anyway. Defendants that have judgments taken against them relocate all the time. Having to get a judgment localized in this state is going to be a lot less burdensome than having God knows how many witnesses in Missouri come up here for a trial or having to depose who knows how many doctors and surgeons in Missouri from Peoria County or go down to the accident site in St. Louis, Missouri from Peoria County. The burden on weighing those two between let's have the whole case in Peoria versus let's localize this judgment after the fact, the latter is totally inconsequential compared to holding this trial in Peoria County. So again, I'd ask the court to reverse the trial court and plaintiffs can have their case in Missouri County where the accident occurred. Thank you. Thank you, counsel. And thank you, Mr. Cagle. The court will take this matter under advisement and stand in recess.